## KIGHT v BOREN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2752.   Decided Oct 5, 1937

Coughlin & Ogier, Columbus, for plaintiff.
Hedges, Hoover & Tingley, Columbus, for defendants.

## OPINION

By HORNBECK, J.

This case was presented on a purported appeal on questions of law from an order or judgment of the Domestic Relations Division of the Common Pleas Court of this county; was argued orally and has been briefed at length by counsel. The question presented is interesting and the court has expended considerable time in investigating the law and was prepared to write an opinion on the legal question presented. An examination of the transcript of docket and journal entries of the Common Pleas Court fails to disclose any final order or judgment.

The plaintiff filed her petition wherein she prayed that a divorce decree granted to her during the lifetime of her husband, since deceased, be reopened or vacated and that she be permitted to amend her original divorce petition to pray for alimony and that she be awarded alimony and such other and further relief as she may be entitled to in law or equity. The defendant administrator moved the court to set aside the order of revivor theretofore entered in the case and to strike from the files the paper denominated 'petition,' the prayer of which we have just stated. Among the files there is the written opinion of the court sustaining generally the motion of the administrator, but no entry whatever appears responsive to the action of the court on the motion. Without such entry it is obvious that there is no final order or judgment from which an appeal can properly be prosecuted, and it would be a vain thing for this court to undertake to express an opinion upon the merits of a moot question.

The case will be held in this court to permit counsel to complete the transcript of docket and journal entries so that it may show a final order or judgment, if any was made, in the trial court. If no such order or judgment was entered, then the appeal must be dismissed because there is no final order or judgment from which the appeal can be prosecuted.

BARNES, PJ, and GEIGER, J, concur.